Semnar & Hartman, LLP
Babak Semnar, Esq. (#224890)
bob@semnarlawfirm.com
Jared M. Hartman (#254860)
jaredhartman@jmhattorney.com
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff,
HOSSEIN MOKHTARI

# U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSSEIN MOKHTARI, an individual<br><br>Plaintiff,<br><br>v.<br><br>ORACLE FINANCIAL GROUP, LLC; UNITED PORTFOLIO SERVICING LLC, and DOES 1-10;<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;**<br>2. **STATE OF CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE § 1788, et seq.;** |

Plaintiff, HOSSEIN MOKHTARI, an Individual, by and through his attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, by and through his attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendants

1
**COMPLAINT FOR DAMAGES**

ORACLE FINANCIAL GROUP, LLC (hereinafter "ORACLE") and UNITED PORTFOLIO SERVICING LLC (hereinafter "UNITED") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA") and the State of California Rosenthal Act, California Civil Code § 1788-1788.32 (hereinafter "Rosenthal" or "Rosenthal Act").

2. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character,

2
**COMPLAINT FOR DAMAGES**

they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

5. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION AND VENUE

4. This action arises out of Defendants' violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p. The U.S. District Court has supplemental jurisdiction over all state law causes of action pursuant to 28 U.S.C. § 1367(a).

5. Because Defendants ORACLE and UNITED regularly conduct business

1  within the State of California by purposefully contacting California residents for
2  purposes of debt collection, personal jurisdiction is established.

3      6.    Venue in this District is proper pursuant for the following reasons: (i)
4  Plaintiff resides in the County of Los Angeles, State of California, which is within this
5  judicial district; (ii) the conduct complained of herein occurred within this judicial
6  district; and, (iii) Defendant has conducted business within this judicial district at all
7  times relevant.

## PARTIES & DEFINITIONS

9      7.    Plaintiff is a natural person whose permanent residences is in the County
10 of Los Angeles, State of California, and is therefore a "person" as that term is defined
11 by California Civil Code § 1788.2(g) of the Rosenthal Act.

12     8.    Plaintiff, as a natural person allegedly obligated to pay a consumer debt to
13 Defendants, alleged to have been due and owing, is therefore both a "consumer" as that
14 term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is
15 defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

16     9.    As a partnership, corporation, limited liability company, or other similar
17 entity, Defendants therefore are "persons" within the meaning of California Civil Code
18 § 1788.2(g) of the Rosenthal Act.

19     10.    Defendants alleged that they were collecting upon an allegedly defaulted
20 credit card bill that Plaintiff initially owed to Chase Credit Card Services, which
21 Plaintiff incurred by utilizing the line of credit issued to him by Chase for every day

1  purchases in his daily personal life. Therefore, Plaintiff is informed and believes that
2  the money alleged to have been owed to Defendants originated from monetary credit
3  that was extended primarily for personal, family, or household purposes, and is
4  therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and
5  California Civil Code § 1788.2(d) of the Rosenthal Act.

6      11.    Therefore, the money that Defendants were attempting to collect was a
7  "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e)
8  of the Rosenthal Act.

9      12.    Because Plaintiff, a natural person allegedly obligated to pay money
10 arising from what Plaintiff is informed and believes was a consumer credit transaction,
11 the money allegedly owed was a "consumer debt" within the meaning of California
12 Civil Code § 1788.2(f) of the Rosenthal Act.

13     13.    Plaintiff is informed and believes that Defendants utilize the
14 instrumentalities of interstate commerce and the mails in a business for which the
15 principal purpose is the collection of any debts; regularly collect or attempt to collect,
16 directly or indirectly, debts owed or due or asserted to be owed or due another or
17 themselves; and are therefore "debt collectors" within the meaning of 15 U.S.C. §
18 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the Rosenthal Act,
19 and thereby engage in "debt collection" within the meaning of California Civil Code §
20 1788.2(b) of the Rosenthal Act.
21 ///

5
**COMPLAINT FOR DAMAGES**

**FACTUAL ALLEGATIONS**

14. Sometime in February of 2009, Plaintiff went into default upon a Chase Credit Card that Plaintiff had used in his every personal life for personal expenses.

15. Any legal ability of the creditor or any successor or assign of the original creditor to file suit against Plaintiff to obtain a judgment on said debt is now barred by the applicable statute of limitations.

16. In August of 2015, Plaintiff began receiving phone calls from Defendant ORACLE's agents claiming a right to collect upon the defaulted credit card.

17. Defendant ORACLE's agents have uttered highly unlawful threats against Plaintiff during these phone calls.

18. By voicemail dated August 12, 2015, Defendant ORACLE's agent left a message on Plaintiff's cell phone claiming that there is an individual in the area looking to "serve him some documents" and urging Plaintiff to call back to stop the service.

19. By voicemail dated August 18, 2015, Defendant ORACLE's agent "Joanne Smith" left a message on Plaintiff's cell phone claiming that Defendant was in the process of filing a case in the Los Angeles Superior Court and informed Plaintiff that the case was being attached to his "name and social security number" and advised him to call back if he "wished to avoid proceedings then [she] would need to speak with [him] today", and also stated that they have called him "numerous times and there is no response documented" and she would "certainly hate to mark [him] as non-cooperative and non-compliant but if [he] doesn't call [her] back then [she] wouldn't be able to

1 assist [him]." Defendant's agent then asked him to call back and reference a specific
2 "case number".

3     20.    By voicemail dated August 19, 2015, Defendant ORACLE's agent Joanne
4 Smith left a voicemail on the cell phone for Plaintiff's mother claiming to be calling in
5 reference to a "case being filed against Hossein Mokhtari in Los Angeles County
6 courts; allegations of fraud attached to your social security number and this case also
7 has listed individuals by the name of Zereh Mokhtari as a person or party of interest",
8 and the agent then claimed that she needed to speak to Plaintiff or his attorney today as
9 it was her "last and final attempt" to assist Plaintiff. Defendant's agent then asked him
10 to call back and reference a specific "case number". Defendant's agent then ominously
11 claimed if she does not hear back from Plaintiff today then she wishes him "the best of
12 luck".

13     21.    Also on August 19, 2015, Defendant ORACLE's agent Joanne Smith left a
14 voicemail on the cell phone for Plaintiff's mother in law claiming to be calling in
15 reference to a "case now being filed against Hossein Mokhtari in Los Angeles County
16 courts; a civil lawsuit as well as theft of services attached to your social security
17 number." Defendant's agent also stated, "If you wish to avoid any further proceedings
18 it is in your best interest to return this call immediately, and this case also has listed
19 individuals by the name of Maria Cotrina Mokhtari." Defendant's agent then asked him
20 to call back and reference a specific "case number". Defendant's agent then ominously
21 claimed this is her "final attempt" to assist Plaintiff and she wishes him "the best of

**COMPLAINT FOR DAMAGES**

1 luck".

2     22.   Also by voicemail dated August 19, 2015, Defendant ORACLE's agent Joanne Smith left a message on Plaintiff's cell phone stating she is calling in reference to his "case that is pending in the courts" and "there is no response and [he] is being marked as non-cooperative" and it requires his immediate response if he wishes "to avoid this". Defendant's agent then asked him to call back and reference a specific "case number". Defendant's agent then ominously claimed this is her "last and final attempt to assist" Plaintiff and he would have to call her back to today if he wishes to "resolve this case outside of a court setting".

3     23.   By voicemail dated August 25, 2015, Defendant ORACLE's agent Joanne Smith left a message on Plaintiff's cell phone stating she is calling in reference to a "case that is now being filed in Los Angeles County; a civil lawsuit as well as theft of services attached to your name and social security number", and stating she has "attempted to reach out to [him] many times with the intent to assist [him] in resolving this case", and "if [he] wishes to avoid further proceedings" she would need to hear from him today as it is her "last and final attempt to assist" him. Defendant's agent then asked him to call back and reference a specific "case number".

4     24.   By voicemail dated August 26, 2015, Defendant ORACLE's agent Joanne Smith left a message on Plaintiff's cell phone stating she is calling in reference to a "case now being filed against Hossein Mokhtari in Los Angeles County; a civil lawsuit as well as allegations of theft of services attached to your name and social security

1  number", and stating she needs to speak to him or his attorney today. Defendant's
2  agent then asked him to call back and reference a specific "case number".

3      25.    A call placed to the phone numbers left on the above-described voicemails
4  as the number for Plaintiff to call back goes to a voicemail for "Joanne Smith" of
5  "Oracle Group".

6      26.    By voicemail on August 31, 2015, Defendant ORACLE's agent Corey
7  Dodson left a message on Plaintiff's cell phone claiming he is calling on the "legal
8  behalf" to Plaintiff's Chase Visa Credit systems card, and stated he was calling to offer
9  a "settlement offer" that would become "null and void" at the end of the business day
10 and stated that Plaintiff would need to contact him in order to "save some money in the
11 long run".

12     27.    Plaintiff significant emotional and mental anguish by way of loss of sleep,
13 nervousness, anxiety, and fear over the thought that he might possibly go to jail for
14 fraud and theft of services and/or be sued on a debt barred by statute of limitations as
15 repeatedly threatened by Defendant ORACLE's agents, as well as embarrassment and
16 arguments within his family affairs due to Defendant ORACLE's agents leaving the
17 threatening messages on the cell phones for Plaintiff's mother and mother in law
18 claiming that the fraudulent legal process was also being sought against them.

19     28.    Defendant's agents who left the voicemails described above were at all
20 times acting on behalf of, at the direction of, and in association with Defendant
21 ORACLE, and acting in their capacity as employees of Defendant ORACLE, and

9
**COMPLAINT FOR DAMAGES**

therefore all legal violations committed by said agents flow through as *respondeat superior* to Defendant ORACLE.

29. Upon information and belief, Defendant ORACLE's agents are trained by Defendant ORACLE to utilize a script during their debt collection calls that calls for the collection agents to threaten lawsuits on time-barred debts and also utter fraudulent threats of criminal prosecution in order to scare consumers into making payments.

30. Upon information and belief, Defendant ORACLE is formerly known as Defendant UNITED, and still does business as Defendant UNITED.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF FDCPA)**
**15 U.S.C. §§ 1692-1692p**

31. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

32. By threatening to sue Plaintiff on a debt that is barred by statute of limitations, and Defendant's agents did so without actually having the intention of pursuing such legal action, Defendant ORACLE has committed the following violations of the Federal FDCPA:

    a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

    b. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e,

      and

    c. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

    d. Has falsely uttered the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

    e. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

    f. Has uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

    g. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

33. By threatening to Plaintiff that he was the subject of criminal allegations for fraud and theft of services, which are false allegations, and Defendant's agents did so with the intention of scaring Plaintiff into paying the debt, Defendant ORACLE has committed the following violations of the Federal FDCPA:

    a. Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

11
**COMPLAINT FOR DAMAGES**

b. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

c. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

d. Has falsely uttered the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

e. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

f. Has uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

g. Has uttered the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. § 1692e(7), and

h. Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

///

///

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

34. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

35. By violating the FDCPA, as identified the First Cause of Action above, Defendant ORACLE has also necessarily violated the Rosenthal Act via Calif. Civil Code § 1788.17, as the Rosenthal Act has incorporated each of those provisions of the FDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif.

1  Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;

- An award of actual damages pursuant to California Civil Code § 1788.30(a);

- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c);

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: September 15, 2015                    Respectfully submitted,

                                          SEMNAR & HARTMAN, LLP

                                          By:  /s/ Jared M. Hartman_____
                                                  Jared M. Hartman, Esq.
                                                  Attorney for Plaintiff